**Charles D. GOINES, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3092.

United States Court of Appeals, Federal Circuit.

DECIDED: July 23, 2001.

Charles D. Goines, of Lanham, MD, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Lynn A. Jennings, General Counsel; and Stephanie M. Conley.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The principal issue is whether the Merit Systems Protection Board ("Board") correctly dismissed, for lack of jurisdiction, the petitioner Goines' appeal from the withholding of a within-grade increase, because Goines had not requested reconsideration of that action by his agency. *Goines v. Dep't of Agric.*, Nos. DC–531D–00–0424–I–1 and DC–3443–00–0463–I–1 (Merit Sys. Prot. Bd. May 30, 2000) ("*Initial Decision*"). We affirm.

I

Under the General Schedule for government employees, which covered the position Goines had with the Department of Agriculture, there are fifteen grades with increasingly higher salaries. Each grade has a range of salary steps, and employees receive step promotions (known as "within-grade increases") after stated periods. To receive a within-grade increase, an employee's work must be at "an acceptable level of competence as determined by the head of the agency." 5 U.S.C. § 5335(a).

If the agency determines that an employee's work is not at an acceptable level "the employee is entitled to prompt written notice of that determination and an opportunity for reconsideration of the determination within his agency under uni-

form procedures prescribed by the Office of Personnel Management. If the determination is affirmed on reconsideration, the employee is entitled to appeal to the Merit Systems Protection Board." 5 U.S.C. § 5335(c). Office of Personnel Management (OPM) regulations track and amplify these provisions, 5 C.F.R. § 531.410, and require that the request for reconsideration be made within fifteen days of the employee's receipt of a negative determination of performance level, § 531.410(a)(1).

By letter dated January 5, 2000, Goines' supervisor notified him that his within-grade increase would be withheld "because his performance was not 'at an acceptable level of competence.'" *Initial Decision*, slip op. at 2. The letter also stated:

> You were placed on a Performance Improvement Plan (PIP) on June 1, 1999, because of your unsuccessful performance in three critical [job] elements; therefore, your [within-grade increase] due December 8, 1999, is denied.... You may request reconsideration of the decision to delay your [within-grade increase] within 15 calendar days from the date of your receipt of this memorandum. The decision on your request for reconsideration will be made by Mr. S.R. Leaman, Assistant Deputy Administrator....
>
> If you request reconsideration, you will have the opportunity to present orally and/or in writing the reasons why you believe this decision to be improper.

On January 8, 2000, Goines wrote Leaman "to request an extension of time and supporting materials to prepare a statement asking for reconsideration of the decision to withhold my within grade increase.... I am asking a minimum of 60 days from January 20 to prepare my response, which should allow time for receiving responses from [the Department],

OPM and from an appeal for injunction by the MSPB."

In a February 14, 2000, letter, Leaman "granted [Goines] an extension of 60 days until March 22, 2000" to "prepare your response to the denial of Within Grade Increase" and "[e]nclosed copies of the supporting documentation you requested as the basis for this action."

Goines did not submit a request for reconsideration by March 22, 2000. In an April 10, 2000 letter to an employee of the Department's Human Resources Division, he stated that he "did not respond" by filing a timely request for reconsideration. *Initial Decision*, slip op. at 2.

Goines appealed the withholding of his within-grade increase to the Board. Shortly thereafter he filed another appeal to the Board alleging that the Office of Personnel Management improperly had approved the Department's performance management plan.

In an initial decision covering both cases, which became final when the Board refused to review it, the Board's administrative judge dismissed both appeals for lack of jurisdiction. *Initial Decision*, slip op. at 1. The Board held that Goines had not requested reconsideration of the withholding of his within-grade increase, as he was required to do before seeking Board review. *Initial Decision*, slip op. at 5. It ruled that it had no jurisdiction over an appeal challenging "OPM's decision to approve or disapprove an agency's performance appraisal system." *Id.* Finally, it held that although the Board had jurisdiction over an employee's claim that adverse action against him was taken in reprisal for whistleblowing, an employee must show that he raised that claim before the Office of Special Counsel, which Goines had not done. *Initial Decision*, slip op. at 6.

## II

A. The Board correctly held that it has no jurisdiction over an appeal from the withholding of a within-grade increase unless the employee had sought reconsideration of that action by the agency in accordance with the agency's requirements.

As noted, under the statute the employee "is entitled to prompt written notice of that determination and an opportunity for reconsideration of the determination within his agency under uniform procedures prescribed by the Office of Personnel Management. If the determination is affirmed on reconsideration, the employee is entitled to appeal to the Merit Systems Protection Board." 5 U.S.C. § 5335(c). Although the statute does not explicitly require a request for reconsideration as a condition of appealing the withholding to the Board, that is the reasonable implication of the statutory scheme. In addition, while the legislative history does not directly address this issue, there is nothing in the legislative history that is inconsistent with requiring reconsideration.

The provision that an employee may seek reconsideration and that if the within-grade increase is affirmed on reconsideration, the employee may appeal to the Board suggests, if not indicates, that such appeal may be taken only after reconsideration is denied. *See also* 5 C.F.R. § 1201.3(a)(5) (The Board has jurisdiction to review a "[r]econsideration decision sustaining a negative determination of competence for [an] employee," citing 5 C.F.R. § 531.410 and 5 U.S.C. § 5335(c)). The provision links the reconsideration to the subsequent appeal to the Board and indicates that the former is a condition of the latter. The requirement that the Office of Personnel Management prescribe uniform procedures for such reconsideration attests

to the importance Congress gave to the reconsideration procedure.

Requiring a request for reconsideration as a prerequisite to appeal to the Board serves important purposes. It gives the agency an opportunity to correct, at a higher level, mistakes that have been made in denying within-grade increases, often at a lower level. In the present case, for example, Goines' within-grade increase was withheld by his immediate supervisor, the head of his office, but his request for reconsideration (had he made it) would have been determined by an Assistant Deputy Administrator. Providing such error correction within the agency also avoids burdening the Board with unnecessary appeals.

Our conclusion is in accord with the settled course of Board decisions, which regularly have held that failure to seek timely reconsideration of a denial of a within-grade increase precludes Board review of the issue. *See, e.g., Priselac v. Dep't of the Navy,* 77 M.S.P.R. 332, 335 (1998); *Shaishaa v. Dep't of the Army,* 58 M.S.P.R. 450, 453 (1992); *Renshaw v. Dep't of the Army,* 23 M.S.P.R. 441, 442 (1984); *Bueschel v. Dep't of Health and Human Servs.,* 6 M.S.P.B. 633, 7 M.S.P.R. 21, 23 (1981).

Virtually the same issue has arisen in connection with Board review of certain decisions of the Office of Personnel Management (OPM). OPM regulations provide that an employee may request reconsideration of an initial OPM decision, that "after reconsideration" OPM will "issue a final decision [that] shall contain notice of the right to request an appeal," and that an individual or agency affected by such final decision "may request the Merit Systems Protection Board to review such decision." 5 C.F.R. § 831.109(a), (c), (d), (f), § 831.110. This court described these regulations as "only indirectly" stating that an

employee is required to seek reconsideration before invoking the Board's jurisdiction. *Toquero v. Merit Sys. Prot. Bd.*, 982 F.2d 520, 521 (Fed.Cir.1993). The Board, however, repeatedly has ruled that failure to request reconsideration by OPM precludes it from entertaining the case. *See, e.g., Priselac v. Dep't of the Navy*, 77 M.S.P.R. 332, 335 (1998); *Shaishaa v. Dep't of the Army*, 58 M.S.P.R. 450, 453 (1992); *Renshaw v. Dep't of the Army*, 23 M.S.P.R. 441, 442 (1984); *Bueschel v. Dep't of Health and Human Servs.*, 6 M.S.P.B. 633, 7 M.S.P.R. 21, 23 (1981).

■ B. Substantial evidence supports the Board's finding that Goines did not request reconsideration of the withholding of his within-grade increase. In response to the Board's notice that within fifteen days he could request reconsideration by Leaman, Goines asked Leaman for a sixty-day extension of time "to prepare my response" and for supporting materials. That letter did not constitute a request for reconsideration. Leaman extended Goines' time to March 22, 2000 and "[e]nclosed copies of the supporting documentation you requested" in a letter dated February 14, 2000. Goines filed nothing further with Leaman.

Goines contends that an earlier letter of his dated January 6, 2000 (two days before his letter to Leaman) constituted a request for reconsideration. That letter, however, related to a different issue and was written to a different official in Goines' agency.

The January 6 letter was written in response to a November 23, 1999 letter to Goines from the Acting Chief of the Employee Relations Branch in the Human Resources Division proposing to remove him for "failure to meet the requirements for fully successful performance in your position." Goines' thirty-one page reply letter was addressed to James H. Bradley, the Director of the Human Resources Division. Its stated "purpose" was "to provide a rebuttal to the allegations in the November 23, 1999 letter by Diana Bennett, (attachment 1), proposing I be removed." Although the letter dealt extensively with Goines' job performance, the Board justifiably concluded that it could not be viewed as a request for reconsideration of the withholding of Goines' within-grade increase.

The letter informing Goines of the withholding specified that any request for reconsideration would be made by Leaman. There is no reason to believe that anyone in Goines' agency viewed the January 6 letter responding to Goines' proposed removal as also constituting a response to the January 5 letter from his supervisor informing him of the withholding of his within-grade increase.

■ Goines argues that he did not seek reconsideration by Leaman because he was waiting for his agency to respond to his request for materials, which presumably he believed he needed for his reconsideration request. Substantial evidence supports the Board's rejection of this claim. As the Board explained, Leaman had already "responded on February 14, 2000, stating that the requested information had been provided." *Initial Decision*, slip op. at 4. Goines did not then inform Leaman that he had not received the information. The administrative judge justifiably credited Leaman's statement.

■ C. Goines asserts that his within-grade increase was withheld in retaliation for his whistleblowing. The Board has jurisdiction over whistleblowing claims only if the employee first presents them to the Office of Special Counsel, which Goines had not done. 5 U.S.C. § 1214(a)(3); *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 625–26 (Fed.Cir.1992); 5 C.F.R. § 1209.5(a). To the extent Goines con-

tends that the Board has jurisdiction over his whistleblowing claim because it is ancillary to his within-grade claim, the Board's lack of jurisdiction over the latter also eliminates jurisdiction over the former. *Cf.* 5 U.S.C. § 1214(a)(3) (An employee may appeal to the Board without seeking corrective relief from the Office of Special Counsel only "in a case in which an employee ... has the right to appeal directly to the Merit Systems Protection Board."); *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed.Cir.1998) (Before appealing to the Board, an "employee must first seek corrective relief from the [Office of Special Counsel], unless the personnel action is otherwise appealable to the Board.").

### III

The Board correctly dismissed, for lack of jurisdiction, Goines' appeal challenging the Office of Personnel Management's approval of the Department's performance management plan.

■ As the Board pointed out, its "jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation." *Initial Decision*, slip op. at 5. Goines does not point to any statute or regulation that gives the Board such authority; nor are we aware of any. The Board correctly held that "there is no provision of law or regulation that provides a right of appeal to the Board from OPM's decision to approve or disapprove an agency's performance appraisal system." *Id.*

### CONCLUSION

The decision of the Merit Systems Protection Board dismissing, for lack of jurisdiction, Goines' appeals is

*AFFIRMED.*