NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3193

MARCIA V. KNIGHT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Marcia V. Knight, of Philadelphia, Pennsylvania, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3193

MARCIA V. KNIGHT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in PH531D090033-I-1.

_____

DECIDED: November 20, 2009
_____

Before GAJARSA, CLEVENGER and DYK, Circuit Judges.

PER CURIAM.

Marcia V. Knight ("Knight") appeals a final order of the Merit Systems Protection Board ("Board"). The Board dismissed petitioner's appeal from the denial of a within-grade pay increase by the Department of Labor ("the agency") for lack of jurisdiction. Knight v. Dep't of Labor, No. PH-531D-09-0033-I-1 (M.S.P.B. Apr. 17, 2009). We affirm.

## BACKGROUND

Knight, who was employed by the agency as a General Schedule ("GS") Grade 11, Step 3 Human Resources Specialist, became eligible for a within-grade increase in her pay on November 11, 2007. On July 24, 2008, the agency issued a Notice of

Proposed Removal based on Knight's allegedly unacceptable work performance.[1]  On July 31, 2008, the agency issued a Notice to the petitioner denying her a within-grade increase, and informing her of her right to file a written request for reconsideration within fifteen days of receipt of the Notice.  The denial was premised on the agency's determination that Knight's performance in a critical performance element of her position was unacceptable.

Under the GS scale for government employees, there are fifteen grades with increasingly higher salaries.  Each grade has ten salary "steps," and employees receive step promotions, known as "within-grade increases," after stated periods.  To receive a within-grade increase, an employee's work must be at "an acceptable level of competence as determined by the head of the agency."  5 U.S.C. § 5335(a).  If the agency determines that an employee's work is not at an acceptable level, "the employee is entitled to prompt written notice of that determination and an opportunity for reconsideration of the determination within his agency under uniform procedures prescribed by the Office of Personnel Management."  5 U.S.C. § 5335(c).  If the determination is affirmed on reconsideration, the employee is entitled to appeal to the Board.  Id.  Under decisions of this court, an employee must request reconsideration of the decision to withhold a within-grade increase before seeking Board review.  See Goines v. Merit Sys. Prot. Bd., 258 F.3d 1289, 1292 (Fed. Cir. 2001).  Office of Personnel Management ("OPM") regulations require that the request for reconsideration be made within fifteen days of the employee's receipt of a negative determination of

---

[1] Knight's removal pursuant to the Notice was effected on September 3, 2008. Knight's separate appeal of her removal is currently pending before the Board.

performance level. 5 C.F.R. § 531.410(a)(1). Here, Knight did not timely request reconsideration.

On September 17, 2008, Knight filed an appeal of the denial of her within-grade increase with the Board. The Board ordered Knight to submit evidence to prove that her appeal was within the Board's jurisdiction. Knight responded that her within-grade increase was denied after she filed an Equal Employment Opportunity complaint on July 1, 2008, and maintained that her within-grade increase should have been approved because her rating of record was effective and signed on October 26, 2006. In an initial decision, the Administrative Judge ("AJ") held that Knight had not requested timely reconsideration of the withholding of her within-grade increase, as she was required to do before seeking Board review. Knight v. Dep't of Labor., No. PH-531D-09-0033-I-1, slip op. at 3 (M.S.P.B. Dec. 21, 2008). The AJ dismissed the appeal for lack of jurisdiction. Id. at 1.

On April 17, 2009, the Board denied Knight's petition for review, and the AJ's decision became the final decision of the Board. Knight then timely petitioned for review of the Board's decision in our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The burden of showing jurisdiction is on the petitioner. See 5 C.F.R. § 1201.56(a)(2)(i). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Delalat v. Dep't of Air Force, 557 F.3d 1342, 1343 (Fed. Cir. 2009). An individual appealing to the Board bears the burden of proving that the Board has jurisdiction over his or her case by a preponderance of the evidence.

Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1378 (Fed. Cir. 2000). We see no error in the Board's decision that the Board lacked jurisdiction over Knight's appeal.

Failure to seek timely reconsideration of a denial of a within-grade increase precludes Board review of the issue. See Goines, 258 F.3d at 1292; see also Priselac v. Dep't of the Navy, 77 M.S.P.R. 332, 335 (1998); Shaishaa v. Dep't of the Army, 58 M.S.P.R. 450, 453 (1992); Renshaw v. Dep't of the Army, 23 M.S.P.R. 441, 442 (1984); Bueschel v. Dep't of Health and Human Servs., 7 M.S.P.R. 21, 23 (1981).

In this case, the AJ found that Knight failed to timely request reconsideration of her within-grade increase, even though the agency properly informed her of her right to do so. We see nothing in the record that warrants setting aside this finding. Under such circumstances, the Board correctly dismissed Knight's appeal for lack of jurisdiction.

For the aforementioned reasons, we affirm the Board's decision.

COSTS

No costs.