**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT NEWTON, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0300-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: November 10, 2015 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Gary Avery, Temple Hills, Maryland, for the appellant.

Andrea L. Geiger and Joseph Moore, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred by the doctrine of collateral estoppel. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        The appellant resigned from his employment with the agency in August 2012. Initial Appeal File (IAF), Tab 1 at 6. On December 30, 2014, he filed a Board appeal in which he alleged that the agency discriminated against him by implanting radio frequency identification (RFID) devices on his body without his consent to track, follow, and harass him, denied him a within-grade increase, and forced him to resign on August 6, 2012.[2] *Id.* at 3, 8-9, 15-35. On his appeal form, the appellant indicated that he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) on August 9, 2014, but had not received notification that OSC had terminated its investigation. *Id.* at 4. Attached to his appeal form, the appellant submitted what appears to be his OSC complaint, in which he alleged that the agency took various personnel actions against him in retaliation for his whistleblowing activities, violated a number of laws and merit systems principles, and committed prohibited personnel practices. *Id.* at 3, 12-35. Finally, the appellant contended that the agency engaged in hiring practices that violated the requirements of veterans' preference statutes. *Id.* at 34-35.

¶3        Because it appeared that the Board previously had adjudicated these issues, *see Newton v. Department of the Navy*, MSPB Docket No. DC-0752-14-0148-I-1, Final Order (May 7, 2014) (0148 Final Order), the administrative judge ordered the appellant to show cause why his appeal should not be dismissed as barred by res judicata or collateral estoppel. IAF, Tab 3. In response, the appellant contended that his allegations relating to the RFID devices arose from scans of his body that post-dated his prior appeal, as reflected in a May 28, 2014 report from an expert that he retained. IAF, Tab 4 at 4, 8-12. The appellant also argued that the doctrine of collateral estoppel was inapplicable because OSC had accepted his "recent whistleblower complaint due to newer findings of Prohibited

---

[2] The appellant indicated on his appeal form that he is appealing his involuntary retirement, but his Standard Form 50 indicates that he resigned. IAF, Tab 1 at 6.

Personnel Practices and violations of Merit System Principles." IAF, Tab 4 at 4, 6, Tab 12 at 7.

¶4 The appellant also submitted a copy of a September 22, 2014 final agency decision (FAD) on an equal employment opportunity (EEO) complaint in which he alleged, among other things, that he was subjected to harassment as a result of the RFID devices and other agency actions, which forced him to resign on August 6, 2012.[3] IAF, Tab 4 at 33-46. The agency's FAD treated the appellant's complaint as a mixed-case complaint and notified him of his right to file a Board appeal within 30 calendar days of his receipt of the FAD. *Id.* at 34.

¶5 The agency replied to the appellant's response to the show cause order, asserting that he was collaterally estopped from raising claims related to the RFID devices because those claims previously were litigated and decided by the Board. IAF, Tab 11 at 5. The agency further argued that, to the extent the appellant was attempting to appeal the FAD, he had received it on September 29, 2014, and, thus, his December 30, 2014 Board appeal was untimely filed. *Id.* at 6-7, 11. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal as barred by collateral estoppel. IAF, Tab 1 at 2, Tab 13, Initial Decision (ID) at 5.

¶6 The appellant has filed a petition for review in which he asserts that he has new and material evidence consisting of a February 1, 2015 addendum to the May 28, 2014 expert report concerning scans of his body to test for the presence of RFID devices.[4] Petition for Review (PFR) File, Tab 1 at 4-7, 13-43. The agency has responded to the appellant's petition. PFR File, Tab 4.

---

[3] In response to the show cause order, the appellant also submitted pleadings that did not address the issues of res judicata or collateral estoppel. *See* IAF, Tabs 5, 8.

[4] Even if such evidence could be considered new, we would find that it is not material to the outcome of this appeal because it does not pertain to the dismissal of the appellant's claims as barred by collateral estoppel or otherwise establish Board jurisdiction. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7    An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Here, in concluding that the appeal was barred by collateral estoppel, the administrative judge improperly limited the appeal solely to the issue of the agency's alleged implanting of RFID devices on the appellant's body without identifying and addressing all of the claims raised by the appellant. Accordingly, as set forth below, we remand the appeal for further adjudication. On remand, the administrative judge should provide specific notice to the appellant of his burdens of proof regarding each of his claims, discussed below, allow the parties to submit evidence and argument, hold a hearing if appropriate, and issue a new initial decision.

The administrative judge failed to adjudicate the appellant's whistleblower reprisal claim.

¶8    The Board has jurisdiction over an individual right of action (IRA) appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Here, the appellant indicated on his appeal form that he had filed a whistleblowing complaint with OSC on August 9, 2014, and referenced an attached letter to OSC regarding agency prohibited personnel practices and

absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

violations of merit system principles. IAF, Tab 1 at 3-4, 12-35. The appellant also referenced his recent OSC complaint in subsequent pleadings. IAF, Tab 12 at 7, 10.

¶9      In light of the aforementioned, we find that the administrative judge should have provided the appellant with notice of how to establish jurisdiction as a whistleblower. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); IAF, Tab 2 at 2, Tab 3. Without *Burgess* notice, the parties did not submit responses with evidence and argument on the jurisdictional issue and, consequently, the record was not fully developed on this issue. *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 11 (2009). Because this error was prejudicial to the appellant's substantive rights, it was harmful and must be corrected. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 18 (2010).[5] Accordingly, we remand the appeal for further adjudication of the appellant's whistleblower reprisal claim.

The administrative judge failed to adjudicate the appellant's claim of a potential Veterans Employment Opportunity Act of 1998 (VEOA) violation.

¶10      The Board has jurisdiction over an agency action that violates a statutory or regulatory provision relating to veterans' preference or that interferes with a veteran's right to compete. 5 U.S.C. §§ 3330a(a)(1), (d)(1)-(2), 3330c; 3304(f)(1). To establish Board jurisdiction over a veterans' preference appeal, an appellant must (1) show that he exhausted his remedy with the Department of Labor (DOL), and (2) make nonfrivolous allegations that (i) he is a preference

---

[5] Although the agency acknowledged the appellant's whistleblower claim in its response to the show cause order, *see* IAF, Tab 11 at 6, it did not set forth the burdens and elements of proof for this claim either as an IRA appeal or an affirmative defense and thus, its response was insufficient to inform the appellant of what he needed to allege regarding jurisdiction, *see Guzman*, 114 M.S.P.R. 566, ¶ 18.

eligible within the meaning of the VEOA,[6] (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a; *Abrahamsen v. Department of Veterans Affairs*, 94 M.S.P.R. 377, ¶ 6 (2003). To establish Board jurisdiction over a right-to-compete appeal under VEOA, an appellant must (1) show that he exhausted his remedy with DOL, and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶11     Here, the appellant alleged that the agency violated veterans' preference requirements and engaged in nepotism when it hired, promoted, and advocated the hiring and promoting of relatives. IAF, Tab 1 at 34. The appellant further asserted that the agency hired certain recruits in an effort to violate veterans' preference laws. *Id.* The appellant's allegations should have been considered as an appeal under VEOA. As such, he must receive explicit information on what is required to establish jurisdiction over a VEOA claim. *See Burgess*, 758 F.2d at 643-44. Accordingly, we remand the appeal for further adjudication of the appellant's potential VEOA claim.

---

[6] The appellant denied on his appeal form that he is preference eligible. IAF, Tab 1 at 1. Nonetheless, in light of our decision to remand the appeal and the appellant's pro se status, the administrative judge should provide him with the opportunity on remand to nonfrivolously allege whether he is preference eligible.

<u>The administrative judge failed to adjudicate the appellant's claim that he was constructively removed.</u>

¶12      An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction.  *Vitale v. Department of Veterans Affairs*, [107 M.S.P.R. 501](107 M.S.P.R. 501), ¶ 17 (2007).  If involuntary, however, it is equivalent to a forced removal and therefore is within the Board's jurisdiction.  *Garcia v. Department of Homeland Security*, [437 F.3d 1322](437 F.3d 1322), 1328 (Fed. Cir. 2006). An appellant who claims that his retirement or resignation was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that under the totality of the circumstances, the working conditions were made so intolerable by the agency that a reasonable person in the employee's position would have felt compelled to leave.  *Wright v. Department of Veterans Affairs*, [85 M.S.P.R. 358](85 M.S.P.R. 358), ¶ 25 (2000).  Jurisdiction is established in constructive adverse action appeals by showing:  (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice.  *Morrison v. Department of the Navy*, [122 M.S.P.R. 205](122 M.S.P.R. 205), ¶ 5 (2015).

¶13      The record below reflects that the appellant asserted an involuntary retirement claim on his appeal form.  IAF, Tab 1 at 3.  Similarly, the appellant claimed in his EEO complaint that he was forced to resign due to the agency's harassment of him with RFID devices.  IAF, Tab 4 at 38.  The administrative judge, however, failed to provide the appellant with notice of his jurisdictional burden with respect to this claim.  *See Burgess*, 758 F.2d at 643-44; IAF, Tab 2 at 2, Tab 3.  Accordingly, we remand the appellant's constructive removal claim for further adjudication.

<u>The administrative judge failed to adjudicate the appellant's claim that he was denied a within-grade increase (WIGI).</u>

¶14      The Board has jurisdiction over a denial of a WIGI.  *See* [5 C.F.R. § 1201.3](5 C.F.R. § 1201.3)(a)(8).  An employee ordinarily is not entitled to appeal the denial of a WIGI to the Board unless he first has timely sought and received a

reconsideration decision from the agency. 5 U.S.C. § 5335(c); 5 C.F.R. § 531.410(d); *see Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001).

¶15 Here, although the appellant indicated that he was attempting to appeal the denial of a WIGI, *see* IAF, Tab 1 at 3, the administrative judge did not acknowledge such a claim, apprise the appellant of how to establish Board jurisdiction over it, or address it in the initial decision. Accordingly, we remand the appellant's alleged denial of a WIGI claim.

<u>We provide the following guidance for the administrative judge on remand.</u>

¶16 After receiving the parties' responses to his jurisdictional notice or notices, on remand, the administrative judge should address the following issues in the order he deems appropriate.

¶17 The administrative judge should determine whether any of the appellant's claims are barred by the doctrines of res judicata or collateral estoppel in light of the overlap of some of the issues with those raised by the appellant in his prior appeal. *See Newton v. Department of the Navy*, MSPB Docket No. DC-0752-14-0148-I-1, Initial Decision (Dec. 20, 2013); 0148 Final Order. In the initial decision, the administrative judge found that all of the appellant's claims were barred by collateral estoppel. ID at 5. However, in its final order on the appellant's prior appeal, the Board observed that some issues, such as the appellant's alleged involuntary resignation or retirement and the denial of a WIGI, were not properly before the Board because they were not raised below. 0148 Final Order at 4. Therefore, the administrative judge should revisit the issue of preclusion.

¶18 Regarding the appellant's whistleblower reprisal claim, the administrative judge should address whether the appellant has elected to pursue this claim as a direct appeal to the Board, through a negotiated grievance procedure, or in an OSC complaint culminating in an IRA appeal. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 17 (2015). At this point, it is unclear whether the

appellant has made such an election and, if so, whether the election was knowing and voluntary. *Id.*, ¶ 18; *see* IAF, Tab 1 at 4, 9, 12-35.

¶19     To the extent the record reflects that the appellant may have filed a grievance as well an EEO complaint concerning some of the claims at issue in this appeal, the administrative judge also should address whether the appellant made a binding election of a different forum for pursuing those claims. 5 U.S.C. § 7121(d), (e); *see generally Westbrook v. Department of the Air Force*, 77 M.S.P.R. 149, 152-54 (1997) (discussing the remedies under section 7121(d) and (e) available for different types of appealable matters). It is unclear from the record before us where and when the appellant first raised his constructive removal, denial of a WIGI, or other claims.

¶20     In addition, the administrative judge should determine whether the appeal of the FAD was timely filed.[7] If an appellant elects to file a Board appeal after filing a timely EEO complaint with the agency, such an appeal must be filed within 30 days of receiving the FAD. 5 C.F.R. § 1201.154(b)(1). The appellant bears the burden of proof regarding timeliness, which he must establish by preponderant evidence. *Mohammed v. Office of Personnel Management*, 108 M.S.P.R. 609, ¶ 8 (2008); 5 C.F.R. § 1201.56(a)(2)(ii) (Jan. 1, 2015). Here, the agency has provided evidence that the FAD was delivered to the appellant via certified mail on September 29, 2014. IAF, Tab 11 at 7, 11. The administrative judge did not address the FAD, but one of the agency's pleadings below did. *See id.* at 6-7. The appellant submitted a response below addressing the timeliness issue, but he apparently did not dispute that he received the FAD on

---

[7] The appellant's claim that he was denied a WIGI does not appear to have been addressed in the agency's FAD, *see* IAF, Tab 4 at 33-46, and it is not clear if the appellant raised this claim during the EEO process, *see* IAF, Tab 1 at 9, Tab 4 at 17-19, or when the alleged denial of the WIGI occurred. Thus, on remand the administrative judge should determine where and when the appellant first raised this claim and address any related timeliness issues, given that the appellant has not worked for the agency since August 2012. IAF, Tab 1 at 6.

September 29, 2014. *See* IAF, Tab 12 at 6-7. Thus, it seems that the deadline for filing his appeal was October 29, 2014, and any appeal from the FAD would be untimely.

¶21 If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶22 The agency's pleading below did not discuss the good cause standard and the administrative judge did not issue a timeliness order informing the appellant of his burden. *See* IAF, Tab 11 at 6-7. On remand, if appropriate, the administrative judge shall provide the appellant with an opportunity to explain if his appeal of the FAD was timely filed, and, if not, demonstrate good cause for his untimely appeal of the FAD.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:          _____

                                                      William D. Spencer
                                                      Clerk of the Board

Washington, D.C.