# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KAREN GRAHAM-BATTLE,<br>    Appellant, | DOCKET NUMBER<br>AT-3443-21-0536-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: October 11, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Bonnie Hunt, Goose Creek, South Carolina, for the appellant.

Joy Warner and Sophia E. Haynes, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, a GS-9 Human Resources Specialist (Recruitment and Placement) with the agency, filed an appeal alleging that the agency gave her a negative performance evaluation rating resulting in her being denied a within-grade increase (WIGI) and failed to properly investigate her complaints of discrimination and harassment. Initial Appeal File (IAF), Tab 1 at 1, 15. She requested a hearing on her appeal. *Id.* at 2.

The administrative judge issued an acknowledgement order advising the appellant that the Board may not have jurisdiction over her claim that the agency gave her a negative performance evaluation and set forth the limited circumstances where the Board may have jurisdiction over such a claim. IAF, Tab 2 at 2-3. Consequently, the administrative judge ordered the appellant to file evidence or argument to establish why her appeal should not be dismissed for lack of jurisdiction within 15 calendar days. *Id.* at 3-4. The appellant failed to timely file a response to the jurisdictional order, and the agency subsequently moved to dismiss the appeal on the basis that the Board lacked jurisdiction over the appeal. IAF, Tab 4 at 4-5. The appellant's attorney thereafter filed a motion for an extension of time to file a jurisdictional response, IAF, Tab 5, and the jurisdictional response, Tab 6. In her jurisdictional response, the appellant argued that, because the negative performance evaluation directly led to her being denied a WIGI and the increase in pay that would accompany the WIGI, and because a denial of WIGI is an action appealable to the Board, the Board had jurisdiction over her appeal. IAF, Tab 6 at 4-5. She also restated her claim that her negative performance evaluation was the result of discrimination by her supervisor. *Id.* at 4-6.

The administrative judge issued an initial decision based on the written record, dismissing the appeal for lack jurisdiction.[2] IAF, Tab 7, Initial Decision (ID) at 1, 3. He first determined that the Board generally lacks jurisdiction to adjudicate the content of a performance evaluation, and the fact that the appellant's negative performance evaluation was used to justify the WIGI denial did not convert the negative evaluation itself into an appealable action within the Board's jurisdiction. ID at 3. The administrative judge further found that in order to directly challenge a WIGI denial to the Board the appellant must meet the requirements identified in 5 C.F.R. § 531.410(d), which included first seeking reconsideration of the WIGI denial with her employing agency, and it did not appear that the appellant had done so. ID at 3. Finally, the administrative judge concluded that the appellant had not identified any other argument that might bring her performance evaluation within the Board's jurisdiction. ID at 3. Consequently, the administrative judge dismissed the appeal without holding the appellant's requested hearing, concluding that she failed to meet her burden of making a nonfrivolous allegation of Board jurisdiction. ID at 3.

The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant restates her claims that the agency failed to properly investigate her complaints of discrimination and harassment, that the negative performance evaluation was the product of discrimination, and that the Board has jurisdiction over her claim that she was denied a WIGI. PFR File, Tab 1 at 4-6. She also provides copies of her 2020 annual performance evaluation and a July 29, 2020 performance counseling memo, both of which

---

[2] In so doing, the administrative judge granted the appellant's untimely motion for an extension of time to file the jurisdictional response and fully considered the jurisdictional response. IAF, Tab 7, Initial Decision (ID) at 2.

were included in the record below. *Id.* at 7-16; *see* IAF, Tab 6 at 7-16. Additionally, she provides a copy of a memo dated March 17, 2021, notifying her of the denial of her WIGI based on her "unacceptable" performance rating for the 2020 performance year. PFR File, Tab 1 at 17-18. The memo informs the appellant of her right to request reconsideration of the denial to the Chief Human Resources Officer within 15 calendar days of receipt of the notice. *Id.* at 17. Finally, she provides a copy of a letter addressed to the Chief Human Resources Officer dated March 25, 2021, requesting reconsideration of the WIGI denial decision. *Id.* at 19.

<u>We remand this appeal for a new determination as to whether the appellant established jurisdiction over her appeal challenging her denial of a WIGI.</u>

A permanent employee on the General Schedule who is paid at less than the maximum rate of the grade of her position is entitled to a WIGI if her performance is at an acceptable level of competence, she has completed the required waiting period, and she has not received an equivalent increase in pay from any cause during that period. 5 U.S.C. § 5335(a); 5 C.F.R. § 531.404; *Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 6 (2013). If an agency determines that an employee is not performing at an acceptable level of competence and withholds a WIGI, the employee is entitled to "an opportunity for reconsideration . . . within [her] agency under uniform procedures prescribed by the Office of Personnel Management." 5 U.S.C. § 5335(c). If the determination to withhold the WIGI is affirmed on reconsideration, the employee is entitled to appeal the denial to the Board. *Id.*

Accordingly, the Board can exercise jurisdiction over the agency's withholding of an appellant's WIGI only if the agency affirmed its initial decision on reconsideration or has unreasonably refused to act on a request for reconsideration. *Hunt v. Department of Veterans Affairs*, 88 M.S.P.R. 365, ¶¶ 6, 7 n.1 (2001), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3; *Priselac v. Department of the Navy*, 77 M.S.P.R. 332,

335 (1998). Pursuant to 5 C.F.R. § 531.410(a)(1), an employee must seek reconsideration of a denial of a WIGI in writing within 15 days of receiving the decision. The Board lacks jurisdiction over an appeal of the denial of a WIGI where the appellant failed to timely seek reconsideration of the denial by the agency in accordance with the agency's requirements. *See Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001); *see also Priselac*, 77 M.S.P.R. at 335. Finally, in a Board appeal under 5 U.S.C. § 5335, the agency bears the burden of proof, and its WIGI denial may be sustained only if it is supported by substantial evidence.[3] 5 C.F.R. § 1201.56(b)(1)(i).

Additionally, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 44 (Fed. Cir. 1985). This includes not only advising an appellant of her burden of proof, but also explaining how she can show that she satisfied that burden. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011). Thus, in the instant case the appellant should have received explicit information as to how to establish jurisdiction over her claim that she was improperly denied a WIGI. Although the appellant identified that she had been denied a WIGI in her initial appeal and jurisdictional response, *see* IAF, Tab 1 at 15; Tab 6 at 4, the administrative judge failed to provide adequate notice regarding the jurisdictional elements of an appeal of a WIGI denial in the acknowledgment order, and did not issue a show cause order or an order on jurisdiction identifying the jurisdictional elements for this claim, *see* IAF, Tab 2.

An administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the order, or if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction, thus affording her the opportunity to

---

[3] Substantial evidence is defined as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p). It is a lower standard of proof than preponderant evidence. *Id.*

meet her jurisdictional burden in the petition for review. *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007), *modified on other grounds by Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). Here, the agency's submission also did not set out the appellant's jurisdiction burden for her WIGI denial claim. IAF, Tab 4.

In the initial decision, the administrative judge provided some information regarding the appellant's jurisdictional burden for her WIGI denial claim, noting that the appellant "must file an appeal concerning the WIGI denial in accordance with the requirements of 5 CFR § 531.410(d)," which includes the requirement that she "first seek[] reconsideration of the WIGI denial from the appellant's employing agency," and concluded that the appellant failed to do so. ID at 3. However, this notice was still insufficient. It did not explicitly inform the appellant that she was required to show that she had sought reconsideration of the agency's WIGI denial within 15 days of the agency's initial determination, nor did the decision explain that the Board may exercise jurisdiction over the agency's withholding of a WIGI where the agency unreasonably refused to act on a request for reconsideration. *Hunt*, 88 M.S.P.R. 365, ¶ 6; *Priselac*, 77 M.S.P.R. at 335. Consequently, the appellant was not on notice of what was required of her to establish Board jurisdiction over her claim that she was improperly denied a WIGI. *See Burgess*, 758 F.2d at 643-44.

With her petition for review, the appellant has now provided some evidence indicating that she timely requested reconsideration of the agency's decision to withhold a WIGI. PFR File, Tab 1 at 17-19. Both of the relevant documents are dated prior to the date the initial decision was issued in this case, and thus would not ordinarily qualify as new evidence. *See id.*; ID at 1; *Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). Nevertheless, because the issue of jurisdiction is always before the

Board and may be raised at any time and the appellant was not put on notice below of all of the requirements to establish jurisdiction over an appeal of a WIGI denial, we have considered the two documents. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016).

Based on the March 17, 2021 memo notifying the appellant of the denial of her WIGI based on her "unacceptable" performance rating for the 2020 performance year and the March 25, 2017 letter addressed to the Chief Human Resources Officer in which she requested reconsideration of that WIGI denial, we find that the appellant made a timely reconsideration request. What remains unclear, however, is whether the agency affirmed its decision denying the appellant a WIGI on reconsideration, and if so, when it issued any reconsideration decision, and whether the appellant's Board appeal is timely. *See* 5 U.S.C. § 5335(c); *Goines*, 258 F.3d at 1292; 5 C.F.R. §§ 531.410(d), 1201.3(a)(8). Accordingly, we remand this appeal so that the administrative judge can provide the requisite *Burgess* notice to the appellant regarding her WIGI denial claim. After providing such notice, the administrative judge should permit the parties to supplement the record regarding the issue of Board jurisdiction over the appellant's WIGI denial claim, as well as the timeliness of her appeal, and should issue a new jurisdictional determination.[4]

---

[4] If the administrative judge determines that the appellant met her burden of proving Board jurisdiction over her appeal challenging her WIGI denial, he should consider the appellant's allegation that the WIGI denial was based on discrimination in the context of analyzing that claim. *See* 5 U.S.C. § 7701(c)(2)(b) (noting that the Board will reverse an adverse action if it is based on a prohibited personnel practice, including unlawful discrimination).

**ORDER**

For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.