NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES WILLIAMS BRYANT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2310

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-23-0143-I-1.

---

Decided:  November 26, 2025

---

JAMES WILLIAMS BRYANT, Washington, DC, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

After James Williams Bryant was terminated from his motor vehicle operator position with the U.S. Department of Agriculture, he filed an appeal with the Merit Systems Protection Board. The Board dismissed Mr. Bryant's appeal for lack of jurisdiction. He now seeks review of that decision. Because the Board correctly determined that Mr. Bryant had neither alleged himself to be a statutory "employee" with appeal rights nor alleged that he had a regulatory right to appeal his termination, we affirm.

I

Mr. Bryant has served in various federal appointments over the past decade. Beginning in April 2016, Mr. Bryant served as a career-conditional employee with Arlington National Cemetery. Mr. Bryant was terminated from this position during his probationary period in February 2017. After a gap in service, Mr. Bryant worked in a non-appropriated fund position as a gardener with the U.S. Navy from September 2018 to October 2020. Mr. Bryant was then separated from this position and transferred to work in another non-appropriated fund position with the U.S. Air Force. In March 2022, in anticipation of a reduction in force, Mr. Bryant applied for other government work and was selected to be a motor vehicle operator with the U.S. Department of Agriculture. He began this position with no break in service on May 22, 2022. On December 2, 2022, Mr. Bryant was terminated.

Mr. Bryant appealed his termination to the Board on December 6, 2022. S.A. 9.[1] On December 9, 2022,

---

[1]    S.A. refers to the Supplemental Appendix filed by Respondent. Dkt. No. 22. Appx refers to the

the administrative judge issued an Order on Jurisdiction, notifying Mr. Bryant of the legal standards for Board jurisdiction and directing Mr. Bryant to submit evidence and argument on whether he met the definition of an "employee" with appeal rights to the Board, as set forth in 5 U.S.C. § 7511(a)(1)(A). S.A. 10. Mr. Bryant did not respond. The administrative judge then issued an Order to Show Cause on December 21, 2022, again advising Mr. Bryant of his burden to submit evidence of his status as an "employee" under Title 5, Chapter 75 of the United States Code. Appx 1–6. On December 28, 2022, Mr. Bryant filed a response, affirming that he "completed one year of current continuous service under an appointment other than a temporary one limited to a year or less." S.A. 103. Mr. Bryant also wrote that he was "making a nonfrivolous allegation that [his] termination was based on partisan political reasons, marital status, or pre-appointment conditions," but Mr. Bryant did not submit evidence on this point. S.A. 103; *see also* S.A. 19.

After further orders on jurisdiction and multiple rounds of evidentiary submissions by the parties, the administrative judge issued an initial decision dismissing Mr. Bryant's appeal on March 9, 2023. S.A. 9–28. The administrative judge found Mr. Bryant had not made non-frivolous allegations that he was an "employee" as defined in 5 U.S.C. § 7511(a)(1)(A)(i). S.A. 13–16. In particular, the administrative judge found that Mr. Bryant had failed to allege that he was not subject to a probationary period. S.A. 15–16. The administrative judge also found that Mr. Bryant had not non-frivolously alleged that he was an employee with appeal rights under 5 U.S.C. § 7511(a)(1)(A)(ii)

documents attached to Mr. Bryant's informal brief. Dkt. No. 8.

because his non-appropriated service with the Navy and Air Force did not constitute "current continuous service" within the statute's meaning. S.A. 16–18. Finally, the administrative judge found that Mr. Bryant failed to non-frivolously allege that he had a regulatory right to an appeal with the Board, since Mr. Bryant failed to allege—beyond his pro forma statement in response to the Board's Order to Show Cause—that his termination was the result of discrimination based on political affiliation, marital status, or pre-appointment reasons. S.A. 19–21.

Mr. Bryant then filed for review by the full Board, which affirmed the initial decision on August 5, 2024. S.A. 1–3. Mr. Bryant timely appealed to this court on September 6, 2024. Dkt. No. 1. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

We affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Board's jurisdiction to hear an appeal is a question of law, which we review de novo. *Rosario-Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342, 1345 (Fed. Cir. 2016). We are "bound by the Board's jurisdictional factual findings 'unless those findings are not supported by substantial evidence.'" *Id.* (quoting *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938).

## III

The Board can only hear matters over "which it has been given jurisdiction by law, rule, or regulation." *Goines v. MSPB*, 258 F.3d 1289, 1294 (Fed. Cir. 2001); 5 C.F.R. § 1201.3(a). By statute, this includes review of adverse actions such as removals taken against "employees" as defined in 5 U.S.C. § 7511(a)(1)(A). *See* 5 U.S.C. § 7701. Under that section, an "employee" is "an individual in the competitive service—(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A). At the time of Mr. Bryant's termination and appeal, the Board could also review terminations of probationary employment, but the Board's review was limited to determinations "that the termination was motivated by partisan political reasons or marital status, and/or if the termination was based on a pre-appointment reason, whether the agency failed to take required procedures." 5 C.F.R. § 1201.3(a)(3); *see also* 5 C.F.R. §§ 315.805–315.806.

To show entitlement to a Board hearing on one of the above grounds, a claimant must first make non-frivolous claims—that is, claims that are "material," "plausible," and "more than conclusory," 5 C.F.R. § 1201.4(s)—of the Board's jurisdiction. *See Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). At the hearing, the claimant must prove jurisdiction by a preponderance of the evidence. *See id.*

## IV

### A

We first turn to the Board's conclusion that Mr. Bryant failed to non-frivolously allege his status as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i). On

appeal, Mr. Bryant argues that the administrative judge failed to consider "the fact that [he] was employed as a Federal Government employee over 1 year at the Arlington [National] Cemetery," as well as the "[i]nterchange agreement which states [he] was a [non-appropriated fund] employee serving over 1 year in the DOD agency." Pet. Br. 2. These arguments, however, were already addressed and correctly dismissed by the Board.

Several determinations, each supported by substantial evidence, underpinned the Board's conclusion that Mr. Bryant had not shown entitlement to a Board appeal under 5 U.S.C. § 7511(a)(1)(A)(i). First, the Board found, based on evidence in the administrative record, that he had not alleged the completion of a prior probationary term with Arlington National Cemetery or any prior federal appointment. S.A. 14–15. Second, the Board rejected Mr. Bryant's arguments related to his proffered interchange agreement because this agreement, by its own terms, only applies to employees who have completed three years of service in a "permanent [non-appropriated fund] appointment." S.A. 13–14; S.A. 41, ¶ 5. Because Mr. Bryant's previous non-appropriated fund appointments were time-limited and not permanent, he was not excused from a probationary period when starting with the agency. S.A. 13–14; *see also* S.A. 77–79, 81, 83–84.

Finally, the Board correctly determined that Mr. Bryant was not able to "tack" any of his prior federal service to satisfy his probationary period under 5 C.F.R. § 315.802(b). S.A. 15. That provision allows for prior civilian service (including non-appropriated fund service) to count toward probation completion, but only if the service is with the same agency and line of work. 5 C.F.R. § 315.802(b). The Board correctly concluded that Mr. Bryant's work as an Air Force gardener and a motor vehicle operator with the Department of

Agriculture involve separate agencies and lines of work. S.A. 15.

The record evidence showed that Mr. Bryant was subject to a probationary period upon starting with the agency and that he was terminated during this period. We therefore find that the Board did not err in determining Mr. Bryant failed to non-frivolously allege his status as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

B

Mr. Bryant also argues on appeal that the agency did not afford him sufficient access to records, including Form SF-50s, that he needed to prove his case. Pet. Br. 2–3. The administrative record reflects, however, that the agency submitted several SF-50s for Mr. Bryant dating back to 2012, which it served on Mr. Bryant. *See* S.A. 66–81, 99. The record also reflects that the agency requested Mr. Bryant's official personnel folder from the Department of Defense, which it also served on Mr. Bryant. S.A. 52–55. It is unclear what other records Mr. Bryant seeks to prove his case or how Mr. Bryant expects such records to contradict the conclusions reached by the Board. We therefore reject Mr. Bryant's argument that the SF-50 forms entered into the record are insufficient.

Mr. Bryant also appears to argue that the Board erred by not allowing him timely access to his records. Pet Br. 3. But we have consistently affirmed that "[p]rocedural matters regarding discovery and evidentiary issues fall within the sound discretion of the Board and its officials." *Rueter v. Dep't of Com.*, 63 F.4th 1357, 1371 (Fed. Cir. 2023) (cleaned up). We will not address these matters on appeal unless the petitioner shows an abuse of discretion causing prejudice that "could have affected the outcome of the case." *Id.* (cleaned up). Here, Mr. Bryant's allegations that he

lacked sufficient time to gather materials for a preliminary status conference do not establish an abuse of discretion. *See* Pet Br. 3.

## V

We have considered Mr. Bryant's other arguments and find them unpersuasive. For these reasons, we affirm the Board's dismissal of Mr. Bryant's appeal.

AFFIRMED

COSTS

No costs.