**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KERWIN M. SMITH,

Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,

Agency.

DOCKET NUMBER
CH-531D-16-0196-I-1

DATE: September 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leonard Mungo</u>, Esquire, Detroit, Michigan, for the appellant.

<u>David M. Burns</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging that the agency denied him a within‑grade increase (WIGI).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board lacks jurisdiction over the appellant's claims regarding his demotion from his Supervisory Physical Security Specialist position during his probationary period, we AFFIRM the initial decision.

## BACKGROUND

¶2      While serving as a GS‑12 Physical Security Specialist with the agency, the appellant received a WIGI from GS‑12 step 2 to GS‑12 step 3, effective April 22, 2012. Initial Appeal File (IAF), Tab 6 at 10. Approximately 3 months later, effective July 15, 2012, the agency promoted the appellant to a GS‑13 step 1 Supervisory Physical Security Specialist, subject to completion of a 1‑year probationary period. *Id*. at 11. Less than a year later, effective June 30, 2013, the agency demoted the appellant during his probationary period to a nonsupervisory GS‑12 step 4 Physical Security Specialist position. IAF, Tab 1 at 6‑7, Tab 6 at 12‑13.

¶3      On January 17, 2016, approximately 2½ years after his demotion, the appellant filed a Board appeal alleging that the agency denied him a WIGI on June 27, 2013, the date that the agency notified him of the demotion. IAF, Tab 1

at 5‑6.  The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant failed to raise a nonfrivolous allegation that he was denied a WIGI.[2]  IAF, Tab 6 at 4‑9.  Among other things, the agency argued that it demoted the appellant to the Physical Security Specialist position at the same grade level and step that he would have held if he had not been promoted to the Supervisory Physical Security Specialist position.  *Id*. at 7‑8.

¶4    The administrative judge issued an order, which provided the appellant with notice of his jurisdictional burden regarding his claim that he was denied a WIGI, and ordered the appellant to submit evidence and argument regarding the Board's jurisdiction over his appeal.  IAF, Tab 8.  In response the appellant alleged, among other things, that the agency denied him a WIGI when it demoted him from the Supervisory Physical Security Specialist position, and "illegally denied [him] his right to complete his 52 weeks of service as a GS‑13 Step 1 . . . ."  IAF, Tab 11 at 1; *see* IAF, Tab 9 at 2.  He further alleged that he had filed an equal employment opportunity (EEO) complaint alleging that the agency discriminated against him based on race when it demoted him.[3]  IAF, Tab 9 at 2‑3.

¶5    Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.[4]  IAF, Tab 14, Initial Decision (ID); IAF, Tab 1 at 2.  She found that the appellant failed to raise a nonfrivolous allegation that the agency denied him a WIGI.  ID at 3‑4.

---

[2] The agency also moved to dismiss the appeal on the ground that it was untimely filed without good cause shown for the delay.  IAF, Tab 13.

[3] The appellant contended that the agency had not issued a final agency decision on that EEO complaint within 120 days.  IAF, Tab 9 at 2.

[4] The administrative judge declined to address whether the appeal was timely filed, having dismissed the appeal for lack of jurisdiction.  IAF, Tab 14, Initial Decision at 4; *see Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 221 (1995) (finding that, when an appeal was properly dismissed for lack of jurisdiction, an administrative judge correctly declined to address whether the appeal was timely filed), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table).

She further found that, absent an otherwise appealable action, the Board lacked jurisdiction to review the appellant's claims that the agency discriminated against him based on race. ID at 4.

¶6    The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1‑2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which he then must prove jurisdiction by a preponderance of the evidence.[5] *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶8    Here, the administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that the agency denied him a WIGI. ID at 3‑4. A General Schedule employee who is paid at less than the maximum rate of the

---

[5] Nonfrivolous allegations of jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006); *see* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as "an assertion that, if proven, could establish the matter at issue"). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). Vague, conclusory, or unsupported allegations, such as those that essentially repeat the applicable legal standard, are pro forma and insufficient to meet the nonfrivolous standard. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶¶ 6‑10 (2016); *Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶¶ 15‑16 (2004).

grade of his position, such as the appellant, is entitled to a WIGI if his performance is at an acceptable level of competence (ALOC), he has completed the required waiting period, and he has not received an equivalent increase in pay from any cause during that period. 5 U.S.C. § 5335(a); 5 C.F.R. § 531.404. As a GS‑13 Step 1 employee, the appellant was required to complete a 52‑week waiting period to be eligible for a WIGI in the Supervisory Physical Security Specialist position. 5 U.S.C. § 5335(a)(1); 5 C.F.R. §§ 531.404(b), 531.405(a)(1)(i). The agency provided evidence that it demoted the appellant from the Supervisory Physical Security Specialist position effective June 30, 2013, less than 52 weeks after it promoted him to that position on July 12, 2015, and the appellant did not dispute the accuracy of those dates. IAF, Tab 6 at 11-13. Thus, the undisputed evidence reflects that the appellant was not eligible for a WIGI in the Supervisory Physical Security Specialist position. *See* 5 U.S.C. § 5335(a)(1); 5 C.F.R. §§ 531.404(b), 531.405(a)(1)(i).

¶9      Moreover, the administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that the agency denied him a WIGI when it placed him in the GS‑12 step 4 Physical Security Specialist position pursuant to his demotion. ID at 3‑4. Pursuant to 5 C.F.R. § 531.215(d), when an employee promoted to a supervisory or managerial position in the competitive service does not satisfactorily complete a probationary period and is returned to a position at the lower grade held before the promotion, the agency "must set the employee's payable rate of basic pay upon return to the lower grade as if the employee had not been promoted to the supervisory or managerial position . . . ." Section 531.215(d) further provides that "time served following the promotion may be creditable service towards GS within-grade increases in the lower grade."

¶10     The agency provided evidence that, as a GS‑12 Physical Security Specialist, the appellant received a WIGI from step 2 to step 3, effective April 22, 2012, and he did not dispute the accuracy of that date. IAF, Tab 6 at 10.

Pursuant to applicable law governing waiting periods for WIGIs, the appellant would have been eligible to receive a WIGI to a GS‑12 step 4 on or about April 22, 2013, and would not have been eligible for another WIGI to step 5 until 104 weeks thereafter. 5 U.S.C. §§ 5335(a)(1), (2); 5 C.F.R. §§ 531.404(b), 531.405(a)(1)(i), (ii). Therefore, because the undisputed evidence reflects that the agency demoted the appellant to the same grade and step (GS‑12 Step 4) that he would have held if he had not been promoted to the Supervisory Physical Security Specialist position, and gave him credit for time served in the Supervisory Physical Security Specialist position, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation that the agency denied him a WIGI. ID at 3‑4.

¶11    On review, as he did below, the appellant contends that the Board has jurisdiction over his appeal because the agency failed to notify him of his right to seek reconsideration of its denial of his WIGI. PFR File, Tab 1 at 4‑7; IAF, Tab 1 at 5. We find this argument unpersuasive. When an agency determines that a WIGI should be withheld because an employee is not performing at an ALOC, the employee is entitled to written notification of that determination and an opportunity for reconsideration of the determination by the agency under regulations prescribed by the Office of Personnel Management. 5 U.S.C. § 5335(c); 5 C.F.R. § 531.409(e). Although the Board's jurisdiction to review the denial of a WIGI generally attaches only after the agency has issued a reconsideration decision, *see, e.g.*, *Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292‑93 (Fed. Cir. 2001), the Board has found that it also has jurisdiction over an appeal absent a reconsideration decision if an agency fails to comply with the requirement that it inform an employee of his right to reconsideration, *see, e.g.*, *Martinesi v. Equal Employment Opportunity Commission*, 24 M.S.P.R. 276, 280 (1984); *Phillips v. Veterans Administration*, 21 M.S.P.R. 409, 412 (1984). Here, however, the appellant failed

to raise a nonfrivolous allegation that the agency denied him a WIGI based on a determination that he was not performing at an ALOC, or for any other reason. ID at 3‑4. Therefore, he failed to raise a nonfrivolous allegation that the agency was obligated to notify him of his right to seek reconsideration of the denial of a WIGI. *See* 5 U.S.C. § 5335(c); 5 C.F.R. § 531.409(e).

¶12　　On review, as he did below, the appellant also raises arguments regarding his demotion from the Supervisory Physical Security Specialist position. PFR File, Tab 1 at 5; IAF, Tab 9 at 2‑3, Tab 11 at 1. Indeed, it appears that many of the appellant's arguments below regarding the alleged denial of a WIGI are, in essence, an indirect challenge to his demotion. IAF, Tab 9 at 1‑3; Tab 11 at 1. An individual in the competitive service who has been promoted to a supervisory position and who does not satisfactorily complete the probationary period for that position, like the appellant, "has no appeal right," unless he nonfrivolously alleges that the action "was based on partisan political affiliation or marital status."[6] *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 7 (2012); 5 C.F.R. § 315.908. The appellant has not alleged, either below or on review, that his demotion from the Supervisory Physical Security Specialist during his probationary period was based on his partisan political affiliation or marital status. IAF, Tabs 1, 4, 9, 11; PFR File, Tab 1. Accordingly, we modify

---

[6] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985). The administrative judge did not notify the appellant how he could establish jurisdiction over his demotion from the Supervisory Physical Security Specialist position. ID; IAF, Tab 8. However, the agency's pleadings below provided the requisite notice, affording the appellant an opportunity to meet his burden on review. IAF, Tab 6 at 9 n.2, Tab 13 at 7; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking, or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

the initial decision to find that the Board lacks jurisdiction over the appellant's claims regarding his demotion.

¶13    Finally, the administrative judge correctly found that, absent an otherwise appealable action, the Board lacks jurisdiction to review the appellant's claims of discrimination based on race.  ID at 4; *see Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (finding that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.