## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY J. SILVERIA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-531D-16-0042-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DATE: January 6, 2017 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony J. Silveria, Citrus Heights, California, pro se.

Barbara Ann T. Konno, Esquire, Palo Alto, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's denial of a within-grade increase (WIGI). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. We therefore DENY the petition for review. Except as MODIFIED as to the basis for finding that the Board lacks jurisdiction over the appellant's WIGI denial, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant held the General Schedule position of Veterans Service Representative (Rating) at the agency's Veterans Service Center in Oakland, California. Initial Appeal File (IAF), Tab 4 at 42. By memorandum dated January 14, 2014, the appellant's supervisor notified him that his work performance was at a less than acceptable level of competence (ALOC) and, as a result, both his scheduled promotion and his WIGI were being withheld. *Id.* at 12-13, 37. The supervisor notified the appellant of his right to request reconsideration of the negative determination within 15 days of his receipt of the notice. *Id.* at 37. The supervisor also informed the appellant that, under article 40, section 1(E) of the Master Agreement,[2] he could be considered for a

_____

[2] The Master Agreement is a collective bargaining agreement between the agency and the American Federation of Government Employees, of which the appellant is a member. IAF, Tab 4 at 15, 44.

WIGI not later than 60 days after he became eligible for the promotion action if he was able to demonstrate an ALOC in his work. *Id.* at 37, 47.

¶3     On January 28, 2014, the appellant wrote a "personal statement response" addressed to his supervisor that was "to be submitted in conjunction with the [American Federation of Government Employees (AFGE)] union's [step-1] grievance" of his WIGI denial. *Id.* at 21-24. The appellant copied union officials on his response. *Id.* at 21.

¶4     On February 19, 2014, the appellant, his supervisor, and union officials exchanged email messages setting up a meeting for that day to discuss the step-1 grievance. *Id.* at 19-20. At the meeting, the supervisor read to the appellant and the union representative his written decision dated February 19, 2014, that denied the step-1 grievance. *Id.* at 14, 17-18, 20. The supervisor declared under penalty of perjury that the appellant and the union did not notify him of any further grievance proceedings concerning the WIGI denial. *Id.* at 14.

¶5     Effective June 29, 2014, the agency removed the appellant from his position. IAF, Tab 1 at 14. The appellant filed a Board appeal of his removal and the WIGI denial. *Id.* at 1-5. He raised claims of harmful procedural error, hostile work environment, disability discrimination, retaliation for whistleblowing activity, and retaliation for equal employment opportunity (EEO) activity. *Id.* at 5.

¶6     The administrative judge separately docketed the instant appeal of the WIGI denial and the appellant's removal appeal. IAF, Tab 2 at 1.[3] In an acknowledgment order, the administrative judge informed the appellant of his burden of proving jurisdiction over his appeal of the WIGI denial. *Id.* at 2. She explained to him that the Board generally may exercise jurisdiction over an appeal from an agency's withholding of a WIGI only if the agency has affirmed its decision on reconsideration or denied the appellant an opportunity for

---

[3] The appellant's removal appeal was docketed as MSPB Docket No. SF-0752-15-0749-I-1. IAF, Tab 2 at 1.

reconsideration. *Id.* at 3. She ordered him to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 3, Tab 6 at 1.

¶7    The appellant filed responses regarding jurisdiction. IAF, Tabs 5, 7. He also filed motions to compel discovery and to disqualify the administrative judge, and an objection to the separation of his claim regarding the WIGI denial from his removal appeal. IAF, Tabs 3, 5. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 4-10. The administrative judge denied the appellant's motions for her recusal and for the assignment of another administrative judge to his appeal, and found it appropriate to stay discovery until the resolution of the jurisdictional issue. IAF, Tab 6 at 2.

¶8    In an order reopening the record, the administrative judge noted that the agency's final agency decision (FAD) on the appellant's EEO complaint referenced a request for reconsideration of the WIGI denial. IAF, Tab 1 at 45 n.3, Tab 11 at 1. She ordered the agency to produce, in pertinent part, the request for reconsideration referenced in the FAD. IAF, Tab 11 at 2. The agency filed responses to the order. IAF, Tabs 13-14. The appellant replied. IAF, Tab 15.

¶9    Without holding a hearing, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 2, 11. Specifically, she found that the appellant had not requested reconsideration of the WIGI denial. ID at 10-11. She found, too, that the appellant was precluded from appealing the WIGI denial to the Board except as a request for review of a final decision under 5 U.S.C. § 7121(d) because he had elected to pursue the matter through the negotiated grievance procedure. ID at 8, 10. She concluded that the Board lacks jurisdiction under section 7121(d) because the appellant had not pursued his grievance beyond the step-1 level, and his supervisor's decision denying the step-1 grievance was not a final decision. ID at 8, 10-11.

¶10     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.  The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

## ANALYSIS

### The appellant has failed to establish the Board's jurisdiction over his appeal of a WIGI denial as an otherwise appealable action.

¶11     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving by preponderant evidence the Board's jurisdiction over his appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).  An employee under the General Schedule earns periodic increases in pay, or WIGIs, as long as his performance is at an ALOC.  5 U.S.C. § 5335(a).  When an agency determines that an employee is not performing at an ALOC and that a WIGI should be withheld, he is entitled to "prompt written notice of that determination and an opportunity for reconsideration of the determination."  5 U.S.C. § 5335(c); *see* 5 C.F.R. § 531.410 (setting forth the Office of Personnel Management's uniform procedures for reconsideration).  If the agency affirms its decision on reconsideration, "the employee is entitled to appeal to the [Board]."  5 U.S.C. § 5335(c); *see* 5 C.F.R. § 531.410(d).

¶12     A bargaining-unit employee who is subject to an appealable action that falls within the scope of the grievance procedure may elect either to appeal the action to the Board or challenge it through the grievance procedure.  5 U.S.C. § 7121(d).  If, as here, the collective bargaining agreement provides for review of WIGI denials under the grievance procedure, then that procedure is exclusive.  5 C.F.R. § 531.410(d).  An exception to this rule occurs when, as here, the appellant has alleged discrimination in connection with the action appealed.  In such cases, the Board is not divested of jurisdiction, but there still must be a final decision resulting from arbitration.  *Little v. Department of the Treasury*, 65 M.S.P.R. 360,

362 (1994). The Board has jurisdiction over a request for review of a final grievance or arbitration decision under 5 U.S.C. § 7121(d) if: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action in the negotiated grievance procedure, or (ii) raises a claim of discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd per curiam*, 589 F. App'x 972 (Fed. Cir. 2014); *see* 5 U.S.C. §§ 7702(a)(1), 7121(d); 5 C.F.R. § 1201.155(a)(1), (c).

¶13 Thus, we find that the administrative judge erred in finding that the appellant made an election pursuant to 5 U.S.C. § 7121(d) to contest the WIGI denial through the negotiated grievance procedure. ID at 8, 10. We vacate this finding and modify the administrative judge's analysis of the jurisdictional issue to explain why the appellant did not have an option to make an election when contesting the WIGI denial. We clarify that, if an employee is covered by a collective bargaining agreement that provides for review of WIGI denials, and that employee has received an agency determination that his performance is not at an ALOC such that a WIGI should be withheld, the Board has jurisdiction over the WIGI denial claim only when the following conditions are met: (1) the employee first has requested reconsideration of the negative determination under 5 U.S.C. § 5335(c); (2) the agency has sustained the negative determination on reconsideration; and (3) the employee thereafter has pursued the matter through the negotiated grievance procedure, in connection with a discrimination claim resulting in a final decision under 5 U.S.C. § 7121(d). *See Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001) (interpreting 5 U.S.C. § 5335(c) as requiring an employee to make a request for reconsideration of a WIGI withholding before appealing such action to the

Board); *Hunt v. Department of Veterans Affairs*, 88 M.S.P.R. 365, ¶ 6 (2001) (stating that the Board can exercise jurisdiction over an appeal of a WIGI withholding only if the agency has affirmed its initial decision on reconsideration); 5 C.F.R. § 531.410(d).

¶14      Here, the Master Agreement permits bargaining unit employees to grieve the denial of a WIGI. IAF, Tab 4 at 45-50. Therefore, the appellant was required to satisfy the three jurisdictional requirements above. We find that he has failed to meet all three of these requirements. First, we agree with the administrative judge's finding that the appellant failed to request reconsideration of the WIGI denial. ID at 10-11. It is undisputed that the agency notified the appellant of his right to request reconsideration of the negative determination of competence, and the record below lacks direct evidence that he made such a request. IAF, Tab 4 at 37.

¶15      Although the record contains the appellant's "personal statement response" concerning the WIGI denial, the administrative judge properly found that his response was part of the step-1 grievance and was not a reconsideration request. ID at 10; IAF, Tab 4 at 21-24. Based on our review of the record, we agree with the administrative judge's finding that the agency erroneously characterized the appellant's response as a "request for reconsideration" during the EEO process. ID at 9-10; IAF, Tab 1 at 45 n.3, Tab 14 at 5 n.2, 6 n.4.[4] The subject line of the appellant's response shows that he intended to submit it "in conjunction with the AFGE union's grievance." IAF, Tab 4 at 21. He also copied union officials on his response. *Id.* Moreover, his supervisor referenced the contentions made in the appellant's response in his decision denying the step-1 grievance. *Id.* at 17. The supervisor also declared under penalty of perjury that the appellant did not request reconsideration, but instead submitted a response, referencing a step-1 grievance that the union filed on his behalf. *Id.* at 13.

---

[4] The administrative judge made a typographical error by citing to Tab 13 of the Initial Appeal File instead of Tab 14. ID at 9-10.

¶16     The appellant argues on review that his grievance should function as his reconsideration request because the two processes "serve the same function." PFR File, Tab 5 at 4-5.  He also argues that no grievance was filed.  PFR File, Tab 1 at 1-2, 14-15, Tab 5 at 5.  However, the Board has found that the pursuit of a grievance by an appellant through the grievance procedure does not comply with the regulatory requirement for requesting reconsideration under 5 C.F.R. § 531.410(a)(1).  *Jones v. Department of the Air Force*, 29 M.S.P.R. 241, 243-44 (1985).  Here, although the agency gave proper notice to the appellant of his right to request reconsideration of the negative determination, he did not make such a request.  IAF, Tab 4 at 37.  Further, we find that the appellant's "personal statement response" was sufficient to constitute a grievance under the Master Agreement, which states that the union, a covered employee, or both may file a grievance.  *Id.* at 21-24, 49, 51.  Next, we find that the appellant has failed to satisfy the second jurisdictional requirement because the record below lacks evidence that the agency sustained the negative determination on reconsideration.

¶17     Finally, we agree with the administrative judge's finding that the supervisor's step-1 grievance decision was not a final decision reviewable by the Board under 5 U.S.C. § 7121(d).  ID at 8.  Here, Article 43, section 7(B) of the Master Agreement provides for a four-step grievance procedure with the last step involving a referral of the matter to arbitration.  IAF, Tab 4 at 51-52.  It is undisputed, however, that neither the union, nor the appellant, pursued the grievance of the WIGI denial beyond step 1 of the grievance procedure.  *Id.* at 14.  Thus, a final arbitration decision that is reviewable by the Board under 5 U.S.C. § 7121(d) has not been rendered in this case.  *See Parks v. Smithsonian Institution*, 39 M.S.P.R. 346, 349 (1988) (finding that a final decision, which is appealable to the Board under 5 U.S.C. § 7121(d), is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort); *see also, e.g.*, *Little*, 65 M.S.P.R. at 362-63 (dismissing for lack of jurisdiction

the appellant's request for review of a grievance decision affirming a WIGI denial because the applicable collective bargaining agreement provided for arbitration as the last step in the grievance procedure and no arbitration decision had been issued).

¶18  In his petition for review, the appellant reasserts claims of disability discrimination, reprisal for EEO activity, harassment, and a hostile work environment. PFR File, Tab 1 at 1-2, 6-16, Tab 5 at 6. Although EEO claims satisfy one of the requirements for Board jurisdiction over a request for review of a final arbitration decision under 5 U.S.C. § 7121(d), as we found above, a final arbitration decision has not been rendered in this case, the appellant did not request reconsideration, and the agency did not issue a reconsideration decision. *See Jones*, 120 M.S.P.R. 480, ¶ 8. Thus, he had not satisfied the remaining jurisdictional elements.

¶19  The appellant also disputes the agency's determination that his work performance was at a less than ALOC, claims that he was denied training necessary to perform his job, and argues that the agency failed to follow the procedures described in the Master Agreement for withholding a WIGI. PFR File, Tab 1 at 2, 8-9. We find that these arguments are not relevant to the Board's jurisdiction over the appellant's otherwise appealable action claim, and thus, do not provide a basis for review. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

The appellant's remaining arguments do not provide a basis for granting review.

¶20  The appellant objects to the administrative judge's decision to docket separately the instant appeal from his removal appeal. PFR File, Tab 1 at 6, 16, Tab 5 at 6; IAF, Tab 2 at 1. Administrative judges may separate claims if doing so would expedite their processing and not adversely affect the interests of the parties. *See Maki v. U.S. Postal Service*, 41 M.S.P.R. 449, 460 (1989) (discussing

this standard in the context of the separation of two previously joined appeals). We find that the administrative judge properly exercised her discretion.

¶21 The appellant further claims that the administrative judge should have disqualified herself because she was biased and failed to provide guidance and demonstrate patience given his pro se status.[5] PFR File, Tab 1 at 2-8, 15. The appellant filed a motion below for the administrative judge to withdraw from his appeal, IAF, Tab 3 at 5-11; however, she denied his motion, IAF, Tab 6 at 2. Because the appellant did not request certification of the issue to the Board as an interlocutory appeal under 5 C.F.R. § 1201.91, he is considered to have waived the request for withdrawal. *Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶ 14 (2008), *aff'd per curiam*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.42(c).

¶22 In any event, based on our review of the record and the appellant's claims of bias, we find that he has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. PFR File, Tab 1 at 2-8, 15; *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We also find that the administrative judge appropriately interacted with the appellant given his pro se status. In particular, she provided him with two opportunities to respond on the jurisdictional issue. IAF, Tab 2 at 3, Tab 6 at 1.

¶23 Finally, the appellant claims that the administrative judge failed to consider all of the record evidence, including his status as a disabled veteran and his past good performance. PFR File, Tab 1 at 2, 8, 15. However, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching

---

[5] The appellant's arguments regarding a "teleconference" and status conference seem to refer to events that may have occurred during the proceedings of his separate removal appeal because the administrative judge did not hold a status conference in the instant appeal. PFR File, Tab 1 at 3-4; IAF, Tab 8. Thus, we decline to respond further to these arguments.

her decision.  *Marques v. Department of Health & Human Services*, [22 M.S.P.R. 129](), 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).[6]

¶24    Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  [5 C.F.R. § 1201.113]().  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703]()(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

---

[6] On review, the appellant again raises his whistleblower reprisal claim.  PFR File, Tab 1 at 6-7, 9, 11-12, 14-15, Tab 5 at 6; IAF, Tab 1 at 5, Tab 5 at 4-7, 12, 16.  The appellant may file a separate individual right of action (IRA) appeal concerning his allegation that he was denied a WIGI in retaliation for whistleblowing activity.  Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if, after the appellant has exhausted his administrative remedies before the Office of Special Counsel, he makes nonfrivolous allegations that:  (1) he made a protected disclosure described under [5 U.S.C. § 2302]()(b)(8) or engaged in protected activity described under [5 U.S.C. § 2302]()(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by [5 U.S.C. § 2302]()(a).  *Salerno v. Department of the Interior*, [123 M.S.P.R. 230](), ¶ 5 (2016); *see Yunus v Department of Veterans Affairs*, [242 F.3d 1367](), 1371 (Fed. Cir. 2001).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  [5 C.F.R. § 1201.4]()(s).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.