# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DYTAUN J. MONTGOMERY,<br>Appellant, | DOCKET NUMBER<br>DC-3443-19-0764-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE:  February 15, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Dytaun J. Montgomery</u>, Waldorf, Maryland, pro se.

<u>David R. Scruggs</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed a Board appeal alleging that the agency had denied her a "promised promotion" and a "wage increase." Initial Appeal File (IAF), Tab 1 at 6. The appellant further averred that she had been discriminated and retaliated against for "filing [equal employment opportunity] charges" and that she had "suffered reprisal for exercising [her] employment rights." *Id*. She also indicated that she had filed a whistleblowing complaint with the Office of Special Counsel (OSC) on "05/2019."[2] *Id*. at 5. The appellant requested a hearing on the matter. *Id*. at 2.

The administrative judge issued an acknowledgment order indicating that the appellant had seemingly raised allegations regarding the denial of a within-grade increase (WIGI) and nonselection for a promotion. IAF, Tab 2 at 2. The administrative judge explained the circumstances under which the Board has jurisdiction over the denial of a WIGI. *Id*. at 5-6. He also explained that the Board generally lacks jurisdiction over nonselection appeals with certain limited exceptions, to include employment practice appeals and suitability actions, and he explained the circumstances under which the Board has jurisdiction over these two exceptions. *Id*. at 2-4. He further indicated that, if the appellant was alleging that her nonselection was in retaliation for whistleblowing or certain protected activities, the Board may have jurisdiction over her appeal. *Id*. at 4-5. The administrative judge explained that, if the appellant indicated that she intended to pursue either of these latter exceptions as the basis of her nonselection appeal, i.e., if she was alleging that her nonselection was in retaliation for whistleblowing or certain protected activities, then he would "notify [her] of the specific proof required as to jurisdiction and the merits of the claim." *Id*. at 5. The administrative judge ordered the appellant to file evidence and argument regarding jurisdiction within 15 days. *Id*. at 6.

[2] Although the appellant checked boxes indicating that she had faxed various documents with her initial appeal form, to include her OSC complaint, the appellant failed to provide these documents. IAF, Tab 1 at 7.

The appellant submitted four filings within 15 days of the administrative judge's acknowledgment order. IAF, Tabs 4-5, 7-8. In one of these filings, the appellant asserted that she had initiated investigations with the following entities: (1) "[t]he VA Office of Special Counsel";[3] (2) the agency's Office of Accountability and Whistleblower Protection; and (3) the Office of U.S. Congressman Steny H. Hoyer. IAF, Tab 4 at 5. In a separate filing, the appellant provided email correspondence between her representative and an OSC attorney. IAF, Tab 7 at 4-5, 8-9. In the correspondence, the OSC attorney informed the appellant's representative that, because the appellant's OSC case was over 120 days old, the appellant could exercise her right to file an individual right of action (IRA) appeal with the Board. *Id*. at 5, 9. The agency contended that the Board lacks jurisdiction over the matter. IAF, Tab 6 at 5.

Without holding the appellant's requested hearing on the matter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 2, 5. The administrative judge found that the appellant had failed to make a nonfrivolous allegation of Board jurisdiction regarding her WIGI-related claim because she had failed to allege that she had sought and received a reconsideration decision from the agency. ID at 4. He further found that, as a general matter, the Board lacks jurisdiction over appeals involving nonselection for a promotion. *Id*. The administrative judge also explained that the appellant had "filed a number of EEO complaints which have issues accepted for adjudication," but he found that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over the appellant's allegations of prohibited personnel practices. ID at 5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has not filed a response. In her petition for review, the appellant contends that the administrative judge erred in dismissing her appeal for

---

[3] The appellant subsequently indicated in this same filing that she had filed a complaint with "the Office of Special Counsel." IAF, Tab 4 at 6.

lack of jurisdiction. *Id*. at 6. She seemingly alleges that the Board has jurisdiction over her appeal based on the following: (1) the agency denied her WIGI; (2) her appeal involves employment practices; and (3) her appeal involves a suitability action. *Id*. at 6-12. The appellant also avers that she has "asserted a number of allegations of prohibited personnel practice (sic) and submitted those concerns to the Office of Special Counsel." *Id*. at 9. She also provides additional documents. *Id*. at 14-18.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not made a nonfrivolous allegation of Board jurisdiction over her WIGI-related assertions.</u>

The appellant alleges that the Board has jurisdiction over the alleged denial of a WIGI.[5] PFR File, Tab 3 at 6-10. With exceptions not applicable here, the Board has jurisdiction over an employee's appeal from the agency's withholding of a WIGI only if the employee has sought reconsideration of the agency's decision to withhold the WIGI and the agency has affirmed its initial decision on reconsideration.[6] 5 U.S.C. § 5335(c); *Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001); 5 C.F.R. § 531.410(d). Here, the administrative judge correctly informed the appellant of the applicable jurisdictional burden regarding her WIGI-related claim; however, as set forth in the initial decision, the appellant did not nonfrivolously allege that she sought or received a reconsideration decision from the agency regarding her WIGI. IAF,

---

[4] Specifically, the appellant provides an amended EEO complaint dated November 7, 2019. PFR File, Tab 3 at 14-18.

[5] A WIGI means "[a] periodic increase in an employee's rate of basic pay from one step of the grade of his or her position to the next higher step of that grade in accordance with [5 U.S.C. § 5335 and 5 C.F.R. part 531, subpart D]." 5 C.F.R. § 531.403.

[6] If the appellant makes a nonfrivolous allegation of jurisdiction, then she is entitled to a jurisdictional hearing. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s).

Tab 2 at 5-6; ID at 4. Moreover, in some of her filings before the administrative judge and on review, the appellant has indicated that she has already received the subject WIGI. *E.g.*, IAF, Tab 4 at 5; PFR File, Tab 3 at 5. Thus, we find that she has failed to establish Board jurisdiction over her WIGI-related claims.

The Board lacks jurisdiction over this matter as an employment practices appeal.

The appellant contends that her appeal involves an employment practice and, therefore, that the Board has jurisdiction over the matter. PFR File, Tab 3 at 10. An applicant for employment who believes that an employment practice applied to her by the Office of Personnel Management (OPM) violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board. 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). Here, despite the administrative judge informing the appellant of the applicable jurisdictional burden regarding an employment practice claim, IAF, Tab 2 at 2-3, the appellant has not identified any "employment practice" appealable under 5 C.F.R. part 300, subpart A, i.e., 5 C.F.R. §§ 300.101-300.104. In this context, "the term 'employment practices' includes the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. § 301.101; *see Manno v. Department of Justice*, 85 M.S.P.R. 696, ¶ 7 (2000). To the extent that her employment practice claim relates to the agency's alleged failure to promote her, IAF, Tab 4 at 20, she has failed to identify any employment practice that was applied or misapplied to her, or to nonfrivolously allege that OPM had any role in denying her promotion or had any involvement in the administration of any practice relevant here, *see Prewitt v. Merit Systems*

*Protection Board*, 133 F.3d 885, 887-88 (Fed. Cir. 1998) (stating that OPM's involvement in a selection process must be significant before the nonselection can be characterized as a practice applied by OPM for purposes of 5 C.F.R. § 300.104(a)); *Manno*, 85 M.S.P.R. 696, ¶¶ 2, 8 (finding that the Board lacked jurisdiction over an employment practices appeal when the appellant failed to show that OPM had any involvement in the alleged mishandling of his application for promotion). Thus, the appellant has failed to establish the Board's jurisdiction under 5 C.F.R. § 300.104(a).

<u>The Board lacks jurisdiction over the matter as suitability appeal.</u>

The appellant alleges that her appeal involves a suitability action. PFR File, Tab 3 at 10. A suitability determination is directed toward whether the "character or conduct" of a candidate or current employee is such that employing or continuing to employ her would adversely affect the integrity or efficiency of the service. *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 7 (2009); 5 C.F.R. §§ 731.101(a), 731.201; *see* 5 C.F.R. § 731.202. Pursuant to OPM's regulations at 5 C.F.R. part 731, a "suitability action" may be appealed to the Board. *See Upshaw*, 111 M.S.P.R. 236, ¶ 8; 5 C.F.R. § 731.501(a). A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and/or a debarment. *Upshaw*, 111 M.S.P.R. 236, ¶ 8; 5 C.F.R. § 731.203(a); *see* 5 C.F.R. § 731.203(b) ("A non-selection, or cancellation of eligibility for a specific position based on an objection to an eligible or pass over of a preference eligible under [5 U.S.C. § 332.406], is not a suitability action even if it is based on reasons set forth in § 731.202."). OPM's regulations afford the Board no authority to review a "de facto" or "constructive" suitability action. *Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 758-59 (Fed. Cir. 2020). Here, the administrative judge provided the appellant with notice of how to establish that she had been subjected to a suitability action; however, the record is devoid of any allegation or indication that the appellant was subjected to any suitability action covered by

5 C.F.R. part 731. IAF, Tab 2 at 3-4. Thus, the appellant has failed to establish Board jurisdiction on this basis.

The appellant's potential IRA claim is remanded for further adjudication.

Last, the appellant explains that she has "asserted a number of allegations of prohibited personnel practice [sic] and submitted those concerns to the Office of Special Counsel." PFR File, Tab 3 at 9.

An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Smyth v. Department of the Interior*, 85 M.S.P.R. 552, ¶ 5 (2000). To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[7] that she exhausted her remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.

In his acknowledgment order, the administrative judge explained that, if the appellant was alleging that her nonselection was in retaliation for whistleblowing or certain protected activities, the Board may have jurisdiction over her appeal. IAF, Tab 2 at 4-5. He ordered the appellant to provide evidence and argument regarding jurisdiction and he explained that, if she indicated nonselection on this basis, then he would notify her of the specific proof required as to jurisdiction. *Id*. at 5-6. In response, the appellant averred that she had filed a complaint with

---

[7] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

"the Office of Special Counsel," IAF, Tab 4 at 6, and she provided correspondence from an OSC attorney, wherein the attorney informed the appellant's representative that because her case was over 120 days old, the appellant could exercise her right to file an IRA appeal with the Board, IAF, Tab 7 at 5, 9. Although the administrative judge's acknowledgment order gave proper general notice of jurisdiction, IAF, Tab 2 at 4-5, once the appellant indicated through her responses that she sought to pursue an IRA appeal, the administrative judge should have given more explicit notice of her jurisdictional burden in such an appeal, *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶¶ 6-7 (2007). Moreover, neither the initial decision nor the agency's filing provided the appellant with such notice. IAF, Tab 6; *cf. Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 8 (2006) (explaining that an administrative judge's failure to properly inform an appellant of the Board's IRA jurisdictional requirements, and the means by which they may be met, may be cured by either the initial decision or any agency pleading). To this end, although the administrative judge acknowledged that the appellant had stated that she had filed a complaint with OSC, ID at 3, he did not substantively address the Board's potential IRA jurisdiction over this matter in the initial decision.

Accordingly, we remand this matter for the administrative judge to provide the parties with an additional opportunity to submit evidence and argument and to make additional findings regarding the Board's potential jurisdiction over this matter as an IRA appeal. *See Roach v. Department of the Army*, 86 M.S.P.R. 4, ¶¶ 14-15, 19 (2000) (remanding an IRA appeal because the administrative judge failed to inform the appellant of the Board's jurisdictional requirements prior to dismissing the appeal for lack of jurisdiction).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[8]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[8] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.